THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § § | | |
| SOURCE TWO SPARES, INC. § § § § | | Case No. 15-31658 (Chapter 7) |
| Debtor § | | |

| | | |
|---|---|---|
| JANET CASCIATO-NORTHRUP § CHAPTER 7 TRUSTEE § Plaintiff § v. § § AERO MECHANICAL INDUSTRIES § INC. § Defendant § | | Adversary No. _____ |

## COMPLAINT TO RECOVER PREFERENTIAL TRANSFERS

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE KAREN K. BROWN:**

Janet Casciato Northrup, chapter 7 trustee ("Trustee"), for the bankruptcy estate of Source Two Spares, Inc. ("Bankruptcy Estate") as owner, successor-in-interest, and holder of causes of action of Source Two Spares, Inc. (the "Debtor") the debtor above-captioned Chapter 7 case, files this Complaint to Recover Preferential Transfers (the "Complaint") against Aero Mechanical Industries, Inc. ("Defendant"). The Complaint seeks that this Court set aside sums paid to Defendant within 90 days of the date of the filing of this bankruptcy case. In support thereof, the Trustee would respectfully submit to the Court as follows:

## SUMMARY OF THIS ADVERSARY PROCEEDING

1. In the 90 days prior to the commencement of this bankruptcy case, the Debtor made preferential payments to the Defendant totaling $478,774.15 (together the "Preferential

1

Payments"). The Trustee seeks to avoid the Preferential Payments pursuant to 11 U.S.C. § 547 and secure a recovery pursuant to 11 U.S.C. § 550.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this Complaint pursuant to 28 U.S.C §§ 1334(a) and (e) and 157(b)(2)(F), 11 U.S.C. §547 and 550 and Federal Rule of Bankruptcy Procedure 7001(1). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(F). The Trustee consents to the entry of final orders or judgments by the Bankruptcy Court. This Court has constitutional authority to enter a final order regarding this matter because the avoidance and recovery of preferential transfers under 11 U.S.C. § 547 has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable to this adversary proceeding. Venue for this action in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

## PARTIES

3. Janet Casciato Northrup is the duly appointed chapter 7 trustee for the bankruptcy estate of Source Two Spares, Inc. with her principal place of business in Harris County, Texas. The Trustee may be served through counsel of record herein.

4. Aero Mechanical Industries, Inc. is a New Mexico corporation and may be served with the Complaint and Summons by serving an officer or owner at their place of business or their registered agent at Aero Mechanical Industries, Inc., Attn: Registered Agent, CT Corporation System, 206 Coronado Ave., Espanola, NM 87532-2792.

## FACTUAL BACKGROUND

5. On March 27, 2015 (the "Petition Date"), Source Two Spares, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

6. Janet Casciato Northrup is the duly qualified and acting Trustee of the Debtor's estate.

7. Prior to the filing of its bankruptcy case the Debtor bought, refurbished, and sold airplane parts for end users. Defendant provided goods or services to the Debtor. During the period 90 days prior to the filing of its bankruptcy case, Debtor paid Defendant for goods or services provided to the Debtor prior to payment.

8. The Debtor made the following preferential payments to Defendant, a creditor, in the total amount of $478,774.15, within 90 days of the Filing Date via electronic transfer:

(a) January 2, 2015 Transfers

| |
|---|
| $2,319.53 |
| $350.00 |
| $577.46 |
| $2,257.09 |
| $3,132.65 |
| $1,177.59 |
| $1,044.55 |
| $350.00 |
| $36.13 |
| $755.00 |
| $8,000.00 |

3

(b) January 9, 2015 Transfers

| |
|---|
| $4,853.44 |
| $4,190.30 |
| $3,260.68 |
| $652.05 |
| $15,500.00 |
| $350.00 |
| $350.00 |
| $5,066.00 |
| $350.00 |
| $1,070.00 |
| $380.07 |
| $1,727.59 |
| $5,205.90 |
| $25,093.55 |
| $590.42 |

(c) January 20, 2015 Transfers

| |
|---|
| $1,115.00 |
| $1,611.51 |
| $4,312.76 |
| $4,935.03 |

4

| |
|---|
| $450.00 |
| $550.00 |
| $270.00 |
| $810.00 |
| $678.00 |
| $64,000.00 |
| $18,876.00 |
| $350.00 |

(d) January 21, 2015 Transfer

| |
|---|
| $19,000.00 |

(e) January 23, 2015 Transfer

| |
|---|
| $20,000.00 |

(f) January 28, 2015 Transfer

| |
|---|
| $19,000.00 |

(g) February 4, 2015 Transfer

| |
|---|
| $20,000.00 |

(h) February 12, 2015 Transfers

| |
|---|
| $5,426.36 |
| $2,544.79 |

5

| $540.00 |
|---|
| $31,488.85 |

(i) February 13, 3015 Transfer

| $10,000.00 |
|---|

(j) February 25, 2015 Transfer

| $1,855.72 |
|---|
| $300.00 |
| $27,844.28 |

(k) February 27, 2015 Transfer

| $100,000.00 |
|---|

(l) March 2, 2015 Transfer

| $23,000.00 |
|---|

9.  In total, the Debtor transferred $478,774.15 in Preferential Payments to Defendant within 90 days of the Filing Date. The Preferential Payments were made within 90 days of the Filing Date pursuant to 11 U.S.C. § 547.

10. Debtor was insolvent at the time the Preferential Payments were made to Defendant or did not have the ability to pay for its outstanding liabilities. Moreover, the Debtor is presumed to be insolvent within the 90 days preceding the case (11 U.S.C. § 547(f)) and was, in fact, insolvent at the time the Preferential Payments were made.

11. The Trustee, pursuant to 11 U.S.C. § 547(b) of the United States Bankruptcy Code may bring actions to recover Preferential Payments made to the Defendant. Such claims are property of the bankruptcy estate of the Debtor pursuant to 11 U.S.C. § 541.

### CAUSES OF ACTION
### 11 U.S.C. §547(b) and §550

12. The Trustee restates and realleges each of the allegations in paragraphs one (1) through thirteen (13) as if such allegation was set forth fully herein.

13. To the extent the Debtor had a valid legal obligation to make the Preferential Payments, the Preferential Payments made within 90 days of the Petition Date (collectively, the "Preferential Payments") are avoidable as preferential transfers under § 547 of the Bankruptcy Code.

14. Under §547, the Trustee may avoid any transfer of an interest of the Debtor in property—

    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made—
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if—
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and

    (C)  such creditor receive payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

15. The Trustee may recover and avoid the Preferential Payments to the extent they were paid on account of an obligation of the Debtor, they (i) were made within 90 days of the Petition Date; (ii) were on account of an antecedent debt; (iii) were to or for the benefit of a creditor; (iv) were made while the Debtor was insolvent; and (v) enabled Defendant to receive more than he would have been paid in a chapter 7 bankruptcy.

16. Defendant was a creditor of Debtor. Debtor owed monies to Defendant at the time the Preferential Payments were made. The total sum of the Preferential Payments is $478,774.15, which funds were all transferred within the 90-day period preceding the Filing Date. The Preferential Payments were made at the time Debtor was insolvent and such transfers enabled Defendant to receive more than the Defendant would have received if the Preferential Payments had not been made.

17. Under 11 U.S.C. § 550(a) of the United States Bankruptcy Code (the "Code"), the trustee may recover the Preferential Payments from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a). The Defendant is both the initial transferee and the entity that benefited from the Preferential Payments. Consequently, the Trustee is entitled to avoid the Preferential Payments and recover the sum of $478,774.15 plus pre- and post-judgment interest from the Defendant.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Janet Casciato Northrup, chapter 7 trustee for the bankruptcy estate of Source Two Spares, Inc. prays that this Court, enter an order:

a) determining that the Preferential Payments in the sum total of $478,774.15 to Defendant constitute avoidable preferences:
b) that the Trustee recover the Preferential Payments of $478,774.15 from Defendant under 11 U.S.C. §550(a) as Defendant was both the initial transferee of such transfer or the entity for whose benefit such Preferential Payments were made.
c) awarding the Trustee judgment in the amount of $478,774.15;
d) awarding pre and post judgment interest to the maximum extent allowed at law; and
e) granting the Trustee all relief as the Court deems just, proper and equitable.

**Dated**:  March 25, 2017.

Respectfully submitted,

OSTROM MORRIS PLLC
By: /s/ Erin E. Jones
Erin E. Jones
Texas Bar No. 24032478
erin@jonesmorris.com
6363 Woodway, Suite 300
Houston, Texas 77057
Telephone: 713-589-5061
Facsimile: 713-589-5513

**COUNSEL FOR THE CHAPTER 7 TRUSTEE**