

ENTERED
11/27/2018

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 15-31658 |
| | § | |
| SOURCE TWO SPARES, INC. | § | Chapter 7 |
| | § | |
| DEBTOR. | § | |

### ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF
### [RELATED TO ECF NO. 144]

Upon the Motion of Janet S. Northrup, chapter 7 trustee ("Trustee") for the estate ("Estate") of Source Two Spares, Inc. ("Debtor"), requesting the entry of an order approving the sale of certain assets of the Debtor's Estate to Seth Hall and Wayne Hall, Sr., or their designee (the "Halls") free and clear of liens, claims, interests and encumbrances pursuant to sections 105 and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6004, and related relief ("Motion")[2]; and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided, and that further notice has been waived; and the Court having read and considered the Motion; and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the Bidding Procedures are fair, reasonable and appropriate, reflect the Trustee's exercise of prudent business judgment consistent with her fiduciary duties, and are designed to maximize the value to be obtained by the Estate for the Remnant Assets; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing

---

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

thereon establish just and sufficient cause for the relief granted herein; it is hereby **ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief sought in the Motion is GRANTED.

2. The Purchase Agreement attached hereto as **Exhibit A** and all of its terms and conditions are approved in their entirety.

3. The Bidding Procedures are approved in their entirety.

4. The Purchase Agreement and the Bidding Procedures are fair and reasonable.

5. Pursuant to section 363(b) of the Bankruptcy Code, the Trustee is authorized to sell the Remnant Assets to the Halls for the Purchase Price in the amount of $ 9000.00 .

6. The Halls are ordered to pay the Trustee the Purchase Price in accordance with the Purchase Agreement.

7. Pursuant to section 363(f) of the Bankruptcy Code, the sale of the Remnant Assets to Oak Point ("Sale") shall be free and clear of any and all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the Estate's right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

8. The Trustee and her professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

9. The Halls are granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code.

10. The transfer of the Remnant Assets to the Halls pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of the Remnant Assets, and such transfer shall vest the Halls with all right, title, and interest in and to the Remnant Assets.

11. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

12. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

Signed: November 27, 2018

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge

# Exhibit A

Halls Purchase Agreement

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement"), dated as of ____ October 2018, is by and between **JANET S. NORTHRUP, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of the SOURCE TWO SPARES, INC.** ("Debtor") **BANKRUPTCY ESTATE** ("Estate"), and **SETH HALL AND WAYNE HALL** (collectively, "Purchaser").

### WITNESSETH:

**WHEREAS**, on March 27, 2015, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas ("Court"), assigned Case No. 15-31658; and

**WHEREAS**, on or about March 27, 2015, the Trustee was appointed as chapter 7 trustee of the Debtor's Estate; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS**, Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement by the Debtor or Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; (b) any and all Goods[1] (e.g., office furniture) of the Debtor; and (c) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

*1.* **Purchase Price.** The Purchase Price shall be good funds in the amount of Nine Thousand and No/100 Dollars ($9,000.00) (the "First Overbid") paid on the date hereof by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement. Purchaser reserves the right to increase the First Overbid pursuant to the terms of that certain *Motion Of Chapter 7 Trustee For An Order Approving The Sale Of Certain Assets Of The Debtor's Estate Free And Clear Of Liens, Claims, Interests, And Encumbrances Pursuant To 11 U.S.C. §§ 105 And 363 And Related Relief* [ECF 144] as filed by the Debtor in the Court.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** Subject to Court approval, the sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has

---

[1] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7. **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations of Seller or its affiliates of any kind or nature, whatsoever, whether arising out of, or in connection with, the Remnant Assets, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Texas, without giving effect to choice of law principles of the State of Texas.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

[remainder intentionally left blank; signature page follows]

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**SETH HALL AND WAYNE HALL**

By: *Seth Hall*
Name: Seth Hall

By: *Wayne Hall*
Name: Wayne Hall

Address *(for regular mail and mail forwarding)*: 2014 Round Lake, Houston, Texas 77077

Address *(for overnight delivery)*: 2014 Round Lake, Houston, Texas 77077
Tel: (281) 610-1762    fax: (832) 384-9438

**SOURCE TWO SPARES, INC. BANKRUPTCY ESTATE**

By:_____
Name: JANET S. NORTHRUP
Its:    Chapter 7 Trustee

Address: c/o HughesWattersAskanase, LLP, 1201 Louisiana St, 28th Flr, Houston, TX 77002
Tel: 713-759-0818

3